

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,694-01

## EX PARTE FEDERICO PEREZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-2813-16-I(1) IN THE 398TH DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to two counts of sexual assault and one count of online solicitation of a minor and was sentenced to three terms of ten years' imprisonment. He did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his guilty pleas were involuntary and that trial counsel told him that he would be eligible for parole in two to three years and that his sentences would not be aggravated. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Trial counsel filed a response, but this application was forwarded here before the trial court made findings

of fact and conclusions of law. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court may order trial counsel to file a second response to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were involuntary, counsel's advice to Applicant was deficient, and Applicant would have insisted on a trial but for counsel's alleged deficient advice. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 18, 2019
Do not publish