

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,089-03 & WR-89,089-04

### EX PARTE DONALD GENE WALTON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. CR17459-B & CR17461-B IN THE 271ST DISTRICT COURT FROM WISE COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to burglary of a habitation and aggravated assault and was sentenced to prison for twenty and forty years, respectively. The Second Court of Appeals affirmed his convictions. *Walton v. State*, Nos. 02-15-00448-CR & 02-15-00449-CR (Tex. App.—Fort Worth May 4, 2017) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel rendered his guilty pleas involuntary. Applicant has alleged facts that, if true, might him entitle to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the

record should be developed.  The trial court is the appropriate forum for findings of fact.  TEX. CODE CRIM. PROC. art. 11.07, § 3(d).  The trial court shall order trial counsel to respond and state whether he told Applicant that he would be placed on probation if he pleaded guilty.  Trial counsel shall also discuss his investigation of Applicant's cases and state whether he (1) explained the charges to Applicant, (2) discussed the written admonishments and plea papers with Applicant, (3) explained the consequences of pleading guilty, and (4) believed Applicant's pleas were voluntary.   In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).  If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.  If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing.  *See* TEX. CODE CRIM. PROC. art. 26.04.  If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance.  The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order.  The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: January 15, 2020
Do not publish