

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-61,568-03

### EX PARTE DWIGHT LEE MAHAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16449-B IN THE 29TH DISTRICT COURT
### FROM PALO PINTO COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to burglary of a habitation and was sentenced to fifty-five years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Mahan v. State*, No. 11-18-00289-CR (Tex. App.—Eastland June 13, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel rendered his plea involuntary. Counsel responded in a sworn affidavit, but the trial court concluded that Applicant's claim was barred by Article 11.07, § 4 of the Code of Criminal Procedure. We disagree. The previous application in this case was dismissed; there was not a "final disposition" of that application. *See*

*Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court may order trial counsel to further respond Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make further findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 1, 2020
Do not publish