

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,042-01 & 91,042-02

### EX PARTE LEO PETER LAMOUNTAIN III, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-18-0193-E-WHC1 & CR-18-0792-E-WHC1
### IN THE 22ND DISTRICT COURT
### FROM HAYS COUNTY

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to possession of a controlled substance and fraudulent use or possession of identifying information and was sentenced to ten and fifteen years' imprisonment, respectively. He did not appeal his convictions. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel, Anthony Rabago and Susan Schoon, failed to timely convey separate plea offers of seven and ten years. He also contends that his pleas were rendered involuntary because he was assessed $6,200.00 in court costs, fees, and

fines.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order Rabago to respond to Applicant's claim that he failed to timely convey plea offers. Schoon filed a sworn affidavit in response to Applicant's claims. The trial court may order her to file a second response. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact as to whether (1) Schoon's affidavit and the response Rabago files are credible and trustworthy; (2) the State made separate plea offers of seven and ten years in both of Applicant's cases; (3) if so, counsel timely conveyed these offers to Applicant and he received the offers in a timely manner;[1] and (4) Applicant was found indigent and the assessment of attorney's fees in the record is proper. The trial court shall then make conclusions of law as to whether trial counsel's conduct was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

---

[1] In his applications, Applicant contends that before he pleaded guilty, he was detained in jails in Waco County and Limestone and that mail was returned.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 22, 2020
Do not publish