

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,142-01

### EX PARTE BRADLEY BURROUGHS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2009-1005-E WHC 1 IN THE 367TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

### O R D E R

Applicant entered an open plea of guilty to possession of marihuana and was sentenced to two years' state jail, probated for five years. His probation was later revoked and he was sentenced to one year in state jail. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his trial counsel was ineffective and that his plea was involuntary because trial counsel failed to challenge the indictments in this and a companion case on the basis that they violated the prohibition on double jeopardy, but instead advised Applicant to plead guilty to both charges. Although Applicant has discharged his sentences

in both cases, he alleges that both convictions were used to enhance the punishment ranges for offenses for which he is currently serving sentences.

Applicant alleges that he was charged in this case and in companion cause number F-2009-1005-E with two separate offenses of possession of marihuana in an amount of four grams or more but less than five pounds, arising from his possession at the same time of two bags of marihuana. Applicant argues that because the allowable unit of prosecution for possession offenses is the prohibited substance, and because he possessed the same substance at the same time, the facts supported only one charge and his convictions in the two cases violated the prohibition on double jeopardy.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first supplement the record with copies of the plea papers, any evidence that was introduced in support of Applicant's plea in this case, and a transcript of the plea hearing, and with the indictment, judgment, and judgment revoking probation in cause number F-2009-1005-E. The trial court shall make findings of fact as to whether, at the time Applicant was

convicted of the offense for which he is currently serving a sentence that was enhanced using these two state jail felony convictions, Applicant had any other state jail felony convictions that could have been used in place of one of these convictions to enhance his current sentence. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether the result of the proceedings would likely have been different but for trial counsel's failure to challenge the two charges on the basis of violations of the prohibition on double jeopardy. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 6, 2020
Do not publish