

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-57,623-04

### EX PARTE WALTER LARAY KELLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W16-75803-R(A) IN THE 265TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

#### O R D E R

Applicant was convicted of aggravated robbery and sentenced to twenty-five years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that plea was involuntary because trial counsel allowed him to plead guilty with a deadly weapon finding when no firearm was found, only a piece of sheet rock carved into a gun shape. Applicant has alleged facts that, if true, might entitle to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's

claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's.

On July 21, 2020, the trial court entered an order designating issues. The district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the application was forwarded before the trial court made findings of fact and conclusions of law. We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: September 16, 2020
Do not publish