

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,684-01

**EX PARTE JASON GARCIA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18-01-00003-CRL IN THE 81ST DISTRICT COURT
### FROM LA SALLE COUNTY

*Per curiam*.

## O R D E R

Applicant entered an open plea of guilty to burglary of a habitation and was sentenced to eight years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because his original trial counsel abandoned him during plea negotiations without filing a motion to withdraw, causing Applicant to miss a court date and to be arrested. Applicant alleges that the transition between his original trial counsel and the new attorney appointed to represent him caused the previous plea negotiations to be forfeited. Applicant alleges that trial counsel failed to obtain discovery, failed to investigate or interview

witnesses, and failed to advise Applicant of his options with regard to pleading guilty or going to trial. Applicant alleges that delays and continuances requested by trial counsel resulted in the loss of evidence and witnesses. He alleges that trial counsel never gave him any option other than pleading guilty, and advised him that an open plea would result in no more than a two-year sentence. Applicant alleges that trial counsel failed to call available witnesses to testify on Applicant's behalf at punishment.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The habeas record forwarded to this Court consists only of Applicant's habeas application and a clerk's summary sheet. Therefore, the trial court shall first ensure that the record is supplemented with copies of all relevant documents, including the indictment, judgment, plea papers, docket sheets, any written motions filed prior to the plea, and transcripts of the plea and sentencing hearing if such transcripts exist. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it

deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish