

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,749-01

**EX PARTE KIA BRIEANNE JOHNSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 11-8-26016-A-1 IN THE 24ᵀᴴ DISTRICT COURT FROM VICTORIA COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to one count of murder and one count of engaging in organized criminal activity and was sentenced to thirty years' imprisonment for the murder count and ten years' imprisonment for the organized criminal activity count. The Thirteenth Court of Appeals affirmed her conviction. *Johnson v. State*, No. 13-15-00502-CR (Tex. App.—Corpus Christi-Edinburg April 13, 2007)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 11.07.

Applicant contends, among other things, that counsel was ineffective for failing to prepare her to testify in the co-defendant's trial, failing to file a motion for discovery and conduct an

independent investigation, and allowing her to be interviewed and taken to the crime scene by the prosecution. Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 7, 2020
Do not publish