

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-91,640-01 & 91,640-02

### EX PARTE BRADY STEPHEN GRAHAM, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 60789-A-1 & 61103-A-1 IN THE 30TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to robbery and forgery of a financial instrument and was sentenced

to 7 years' and 18 months' imprisonment, respectively. Applicant filed these applications for writs

of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See*

TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he received ineffective assistance of trial counsel in both cases

because counsel failed to communicate with him until the day he accepted the plea bargains;

incorrectly informed Applicant that a hearing had been cancelled, resulting in his failure to appear

and bond revocation; "only want[ed] Applicant to accept plea bargain and/or pay $3,750"; never

gave Applicant an opportunity to meet privately with him about the proceedings or plea offers; failed

to file pretrial motions or challenge the sufficiency of the evidence; failed to investigate the facts and provide defenses; and induced Applicant to plead guilty by making false promises concerning parole attainment. Concerning the forgery conviction, Applicant adds that counsel failed to call a handwriting expert or consult with Applicant as to Applicant's version of events.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: October 7, 2020
Do not publish