**Ex parte Andrew Kelly ARGENT.**

**Nos. AP–76891, AP–76892.**

Court of Criminal Appeals of Texas.

March 20, 2013.

Alvin N. Saenz, Attorney at Law, Houston, TX, for Appellant.

Logan Pickett, Assistant District Attorney, Angleton, TX, Lisa C. McMinn, State's Attorney, Austin, TX, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, KEASLER, HERVEY, COCHRAN, and ALCALA JJ., joined.

Last year, the Supreme Court addressed the Sixth–Amendment standard for determining prejudice in cases of ineffective assistance of counsel during the plea-bargaining process. See *Missouri v. Frye*[1] and *Lafler v. Cooper*.[2] The effect of those decisions is the issue presented by the habeas-corpus applications that are now before us.

## I

After rejecting a plea bargain of eight years imprisonment, the applicant pleaded guilty in open court and was convicted of aggravated sexual assault and indecency with a child by contact.[3] The judge as-sessed punishment of twenty years' confinement for each charge, to run concurrently.

The applicant filed two applications for writs of habeas corpus alleging that constitutionally ineffective assistance of counsel caused him to reject the State's plea-bargain offer. The judge of the convicting court found that trial counsel incorrectly told the applicant that he was eligible for judge-ordered community supervision and shock probation, when, under the statutes, only a jury's verdict recommending probation could result in shock probation and the judge could order only deferred adjudication.[4] The applicant contends that, had he known this, he would have accepted the State's offer of eight years.

We must determine the correct standard for granting habeas-corpus relief for ineffective assistance of counsel in plea bargaining.

## II

"There is no doubt that an accused is entitled to effective assistance of counsel during the plea bargaining process."[5] Before the Supreme Court announced a standard for prejudice when defendants were not informed of plea-bargain offers, or rejected them because of bad legal advice, this court created a standard in *Ex parte Lemke*.[6] We held that, when an applicant received ineffective assistance of counsel during plea negotiations, he was "prejudiced [simply] by the missed opportunity of accepting such bargain and presenting it to the trial court for consideration."[7] Af-

---

1. —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

2. —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

3. *See* TEX. PENAL CODE §§ 21.11 & 22.021.

4. *See* TEX. CODE CRIM. PROC. art 42.12 §§ 3g & 5.

5. *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex.Cr. App.1987) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

6. 13 S.W.3d 791, 796 (Tex.Cr.App.2000).

7. *Id.* There is nothing in *Lemke* or any of its supporting authority to indicate that our standard originated under Texas law; instead, it seems that *Lemke* was this Court's best pre-

ter examining the holdings of other jurisdictions, we concluded that the applicant did *not* need to show the trial court would have actually accepted the plea agreement.[8] We noted that a California court had suggested that a defendant may be required to prove as much, but we dismissed this, commenting that "we do not view after-the-fact speculation into whether or not the trial court would have granted the plea bargain as particularly meaningful." [9]

Twelve years later, the Supreme Court, in *Frye* and *Lafler*, chose to adopt the standard for prejudice that we had earlier dismissed:

> To show prejudice from ineffective assistance of counsel where a plea offer has ... been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. *Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it....* To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.[10]

This standard demands more from applicants seeking to demonstrate that they received ineffective assistance of counsel.

In light of these decisions, may we still adhere to the standard we set in *Lemke*, or are we bound by the more demanding standard that the Supreme Court announced in *Frye* and *Lafler?*

## III

■ It is well established that states are "entirely free to effectuate *under their own law* stricter standards than those [the Supreme Court has] laid down and to apply those standards in a broader range of cases than is required by" federal law.[11] In fact, *Frye* itself stated that it "established [only] the minimum requirements of the Sixth Amendment as interpreted in *Strickland* and [that] States have the discretion to add procedural protections under state law if they choose." [12] If our holding in *Lemke* had been based on state law, then, there would be no problem with our lower threshold for establishing prejudice. But, in the context of ineffective assistance of counsel claims, our state constitution usually does not supply any more protections than its federal counterpart, and it may supply less.[13]

Also, this court held more than twenty years ago that habeas corpus could not be used after conviction to bring claims based on at least some provisions of the Texas Constitution.

> In *Ex parte Truong*, 770 S.W.2d 810 (Tex.Cr.App.1989), we essentially held that an allegation of error which, though of state constitutional dimension, is nevertheless subject to a harm analysis un-

---

diction of what the federal constitutional standard for prejudice would be.

8. *Id.*, at 796–97.

9. *Id.*, at 797 n. 6.

10. *Frye,* 132 S.Ct. at 1409 (emphasis added); see also *Lafler,* 132 S.Ct. 1376.

11. *Danforth v. Minnesota,* 552 U.S. 264, 277, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008) (emphasis added); *Johnson v. New Jersey,* 384 U.S. 719, 733, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

12. *Frye,* 132 S.Ct. at 1411.

13. *Hernandez v. State,* 988 S.W.2d 770, 772–73 (Tex.Cr.App.1999).

der Tex.R.App. P. 81(b)(2), "is at best voidable, and as such is not subject to a collateral attack by writ of habeas corpus." *Id.*, at 813. In *Mallory v. State,* 752 S.W.2d 566 (Tex.Cr.App.1988), we held in no uncertain terms that error in admitting videotaped testimony under Article 38.071, § 2 [of the Code of Criminal Procedure] is subject to a harm analysis under Rule 81(b)(2). Consonant with our holding in *Ex parte Truong, supra,* we now hold applicant's claims, insofar as they depend upon Art. I, §§ 10 and 19 of the Texas Constitution, are not cognizable in a postconviction writ of habeas corpus brought pursuant to Article 11.07, *supra.*[14]

Consequently, our habeas-corpus decisions on the subject of ineffective assistance of counsel have long been limited to our interpretation of federal constitutional law.[15] Our holding in *Lemke* should be read as an interpretation of only federal law.

■ While we have authority to interpret state law, we "may not impose such greater restrictions as a matter of federal constitutional law when [the Supreme] Court specifically refrains from imposing them."[16] Such restrictions would be contrary to the Supremacy Clause of the United States Constitution.[17] In short,

when a state court chooses to address the merits of a federal claim, its decision to grant or deny relief must accord with federal law.[18] Thus, to the extent that *Lemke* is inconsistent with *Frye* and *Lafler,* we have no choice but to overrule it.[19]

## IV

■ We hold that to establish prejudice in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of bad legal advice, the applicant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.

We remand this case to the habeas court so that it may make findings consistent with this opinion.

JOHNSON, J., filed a dissenting opinion.

JOHNSON, J., filed a dissenting opinion.

The state proposes a plea bargain. For whatever reason, defense counsel fails to transmit that offer to the client. Some

---

14. *Ex parte Dutchover,* 779 S.W.2d 76, 77 (Tex.Cr.App.1989).

15. *See id.,* at 771 ("To the extent [our caselaw] ... is inconsistent with *Strickland* on matters of federal constitutional law, we have no choice but to overrule it as we are obligated to follow United States Supreme Court precedent on matters of federal constitutional law.").

16. *Arkansas v. Sullivan,* 532 U.S. 769, 772, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001).

17. *Hernandez,* 988 S.W.2d, at 772 (citing *State v. Guzman,* 959 S.W.2d 631, 633 (Tex.Cr.App. 1998)).

18. *Yates v. Aiken,* 484 U.S. 211, 218, 108 S.Ct. 534, 98 L.Ed.2d 546 (1988); *Sullivan,* 532 U.S. at 772, 121 S.Ct. 1876.

19. It is worth noting that this change should not substantially affect the outcome of most cases. "It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause a prosecutorial withdrawal or judicial nonapproval of a plea bargain." *Frye,* 132 S.Ct. at 1410.

time later, the client discovers that, unbeknownst to him, an offer was made but not conveyed to him. The client states that he would have accepted the plea-bargain offer but, not knowing of it, went to trial and received a sentence much longer than that included in the plea-bargain offer.

Or perhaps defense counsel misstated the law or gave other inaccurate information, and because of that advice, the client decided to go to trial instead of accepting an outstanding plea-bargain offer by the state and then received a sentence much longer than that included in the plea-bargain offer.

"The right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, —— U.S. ——, ——, 132 S.Ct. 1399, 1404, 182 L.Ed.2d 379 (2012); (citing *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). After noting that plea agreements account for well over 90% of all criminal convictions and that the criminal-justice system benefits from plea agreements—e.g., conservation of judicial resources—the Supreme Court stated that, in order to realize the benefits of plea bargaining, "criminal defendants require effective counsel during plea negotiations. 'Anything less ... might deny a defendant "effective representation by counsel at the only stage when legal aid and advice would help him." ' " *Frye* at 1407–08, *quoting Massiah v. United States*, 377 U.S. 201, 204, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

In an effort to obtain relief on the grounds of ineffective assistance of counsel, the client files an application for a writ of habeas corpus. As the majority states, the *Frye–Lafler*[1] "standard demands more from applicants seeking to demonstrate that they received ineffective assistance of counsel," Maj. op. at 783, than the prior Texas standard of showing that he was "prejudiced [simply] by the missed opportunity of accepting such bargain and presenting it to the trial court for consideration." Maj. op. at 782. Unfortunately, what the new standard requires is a highly developed ability to read minds and predict the future actions of other persons. As Justice Scalia noted, "Prejudice is to be determined ... by a process of retrospective crystal-ball gazing posing as legal analysis." *Frye* at 1413 (Scalia, J., dissenting).

In *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Crim.App.1994), this Court took a tack similar to that taken by the Supreme Court in *Frye* and *Lafler*. The standard set in *Jarrett* was that

> appellate counsel has a duty to notify the appellant of the actions of the appellate court and to consult with and fully advise the appellant of the meaning and effect of the opinion of the appellate court. Finally, although appellate counsel has no duty to file a petition for discretionary review, appellate counsel does have the duty ... to advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review.

*Id.* at 940 (internal citation omitted).

That standard required, albeit to a lesser degree than *Frye* and *Lafler*, "crystal-ball gazing posing as legal analysis"; the appellate attorney had to read the minds of the judges of this Court and predict the future actions of this Court. It did not work in the real world. A little more than three years later, the Court overruled *Jarrett* "to the extent it held that an appellate attorney has an obligation to inform a defendant of anything other than the fact

1. *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

that his conviction has been affirmed and he can pursue discretionary review on his own. This information sufficiently protects a defendant's right to file a petition for discretionary review." *Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App. 1997).[2] With some tweaking over the years since, *Wilson* remains the standard.

How is a defendant to demonstrate, if the offer was not conveyed, that the state would not have withdrawn it? How is he to know that legal advice given by counsel is wrong? How is he to ascertain the consequences of rejecting a plea-bargain offer if he is given inaccurate information by his lawyer? How is he to determine whether a given judge will or will not accept the offer?

While it may be true that "[i]t can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences,"[3] it is highly unlikely that a defendant is equally familiar, and it is the defendant who is required to make the initial decision to accept or reject an offer. I think that *Lemke* was correct: we should not "view after-the-fact speculation into whether or not the trial court would have granted the plea bargain as particularly meaningful."[4] The same is true of speculation, after the fact, as to whether the state would have left an unconveyed offer on the table until trial.

Because the burden on a writ is on the applicant, should we not review "restriction" from the perspective of the applicant? By any measure, from the perspective of the applicant the new federal standard is much more restrictive than *Lemke.* The *Lemke* standard did not impose greater restrictions than the federal standard announced in *Frye* and *Lafler;* it imposed lower restrictions and does not, therefore, offend the Supremacy Clause.

The only valid claim that an applicant can rationally make in an application for a writ of habeas corpus that is based on the circumstances at issue here is that, if he had known of the offer, or had been given accurate information about the consequences of rejecting the offer, he would have accepted it. Any assertions about what the state would have done or what the trial court would have done would be pure speculation on the part of the applicant. Let the applicant assert that, given complete and accurate information, he would have accepted the plea-bargain offer, then let the state and the trial court respond, if they can, in rebuttal or in affirmation.

Even if the judge and the prosecutor are still available for inquiry, it seems unlikely, absent distinctive circumstances, that either could state with certainty what they would have done, assuming that they remember the case. If they cannot say, how is the applicant to say? He can only speculate, and speculation has no place in a court of law. The burden expressed in *Frye* and *Lafler* makes futile a claim of ineffective assistance of counsel based on an offer that was not conveyed or an attorney of record who gave advice that was clearly wrong and which induced a plea.

---

**2.** At least in part, the basis for the holding in *Wilson* is that *Jarrett* analogized the duties of trial counsel to protect the defendant's right to appeal, which is an appeal of right that entitles a defendant to the assistance of counsel, to the duties of appellate counsel to protect a defendant's right to petition for discretionary review, which is not an appeal of right and for which a defendant does not have a constitutional right to counsel. "Counsel has no other constitutional obligations because a defendant has no right to counsel for purposes of discretionary review." *Wilson* at 72.

**3.** *Frye* at 1410.

**4.** *Ex parte Lemke,* 13 S.W.3d 791, 797 n. 6 (Tex.Crim.App.2000).

The Supreme Court has declared that a defendant is entitled to competent assistance of counsel during plea negotiations. *Frye* and *Lafler* make a mockery of that entitlement by imposing, on an applicant who is asserting ineffective assistance of counsel during that process, a burden so onerous that it can never be met.

I respectfully dissent.