

**IN THE
TENTH COURT OF APPEALS**

—————————

**No. 10-19-00288-CR
No. 10-19-00291-CR**

**IN RE ORLANDO DEONTE PIERCE**

—————————

**Original Proceeding**

**DISSENTING OPINION**

The issue in these mandamus proceedings is whether the State is going to have to pay for a trial and an appeal, and possibly a writ proceeding, before Pierce, the Relator, is given the relief to which he is entitled today. I vote for today and avoid the unnecessary cost. Because the Court makes him wait and the State pay, I respectfully dissent.

This is an unusual case; I will grant you that. It is the kind of case that if you do not stop, breathe deeply, and think on it for a good while, you could misapprehend the nuances of the issue and the remedy. It would be easy to even summarily deny the petitions for writ of mandamus because when you first read them, the obvious answer in the mandamus context is that this is something that can be fixed on direct appeal or in an 11.07 application for a writ of habeas corpus. But wait! Why should it wait? To

understand why it should not, and thus, why mandamus is not only a proper procedural vehicle but is, in fact, the only proper vehicle, we must first understand the merits of the legal issue and then look at the procedure.

Based on the allegations and record presented, Relator will have to suffer through two criminal trials, or accept a less favorable plea agreement, before he obtains the relief to which he appears entitled.[1]  The fundamental facts are that due to ineffective assistance of counsel, Relator's acceptance of a plea offer was not timely communicated to the State.  If it had been, the State concedes that it would have honored it.  The evidence certainly supports the fact that the trial court judge at the time would have accepted it because the evidence is that the trial court judge had not rejected any, and delayed accepting only one, plea bargain in 30 years on the bench as a district court judge.[2]  After an evidentiary hearing, the new trial court judge ordered the plea offer reinstated and the defendant accepted it.  The State then withdrew it based on events that occurred long after the plea agreement would have been fully "papered" and the Relator would have been serving time pursuant to it.  However, the new trial court judge allowed the plea offer to be withdrawn and has refused to compel the State to "honor" the plea agreement.

The trial court and the State have approached this purely as an attempt to specifically enforce a plea agreement.  But this is no longer about the offer and acceptance

---

[1] Pierce filed a motion for emergency relief to stay the trial scheduled for September 3, 2019, which was granted pending the determination of these proceedings.

[2] To suggest that after 30 years of not rejecting a single plea agreement this is the one and only one the trial court judge would reject, strains credulity to the breaking point.  This establishes the three elements of an ineffective assistance of counsel claim.  *See Ex Parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

of a plea agreement, as such. It is about the determination of, and more importantly the remedy for, ineffective assistance of counsel. *Id*. *See also Piland v. State*, 453 S.W.3d 473, 475-476 (Tex. App.—Texarkana 2014, pet. ref'd). Clearly the trial court determined that trial counsel was ineffective for having failed to timely communicate the acceptance of the State's plea offer and ordered it to be reoffered by the State, and the defendant immediately accepted it. Efforts by the State to then withdraw it, while perfectly acceptable in the routine practice of making, accepting, and withdrawing plea agreements, are simply inapplicable to the situation when the issue is ineffective assistance of counsel. The discretion the current trial court has to accept or reject a plea agreement is irrelevant. The remedy for ineffective assistance of counsel, whether done now or two years from now will be the same—enforcement of a plea agreement that was wrongfully taken from the defendant due to the ineffective assistance of counsel. The remedy for ineffective assistance of counsel in this situation leaves no latitude. To fully explore the issues, and compel the relief to which the Relator clearly seems to be entitled, we should request a response as is required before relief by mandamus can be granted. TEX. R. APP. P. 52.4. Because the Court denies relief rather than requesting a response, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion issued and filed October 2, 2019

