

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-90,680-01 AND WR-90,680-02

**EX PARTE YOAN JONATHAN ZACARIADOMINGUEZ, AKA YOAN JONATHAN ZACARIAS DOMINGUEZ, Applicant**

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NO. W18-51838-W(A) AND W18-518374-W(A)
IN THE 363RD DISTRICT COURT
FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to one charge of possession with intent to deliver a controlled substance and one charge of aggravated assault with a deadly weapon, and was sentenced to concurrent two-year sentences. Applicant did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his guilty pleas were involuntary because trial counsel erroneously advised him that pleading guilty to these charges would not result in his automatic deportation and ineligibility for admission in the future. Applicant also alleges that trial counsel failed to investigate,

seek out witnesses, file a motion to suppress evidence, or advise Applicant of the availability of any other resolution to the charges, such as negotiating for a plea to charges that would not have the same immigration consequences.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  January 15, 2020
Do not publish