

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,693-01, 90,693-02, & 90,693-03

### EX PARTE AARON STRIZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 13768A, 13952A, & 13954A IN THE 12TH DISTRICT COURT
### FROM GRIMES COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to the offense of aggravated robbery with a deadly weapon and two offenses of aggravated assault on a public servant with a deadly weapon and was sentenced to three concurrent life sentences. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary due to ineffective assistance of counsel because trial counsel:

(a)   incorrectly advised him that he was facing "multiple capital life sentences" if he did not plead guilty in exchange for three "aggravated life" sentences;

    (b)      failed to advise him of his constitutional rights and legal options, implied that a life sentence was inevitable, and failed to explain the possibility of presenting mitigating evidence;

    (c)      failed to investigate witnesses, particularly Deputy Kelly Stover, and discover the mistreatment in jail that provoked Applicant's escape;

    (d)      failed to conduct a proper mitigation investigation that would have disclosed Applicant's history of childhood abuse, substance abuse, institutionalizations, mental health concerns, learning disabilities, limited education, and problems in school; and

    (e)      effectively abandoned Applicant by stating that he could not help Applicant if Applicant did not accept the State's plea offer and advising Applicant to plead guilty "for the maximum possible sentences" because counsel was unprepared and unwilling to go to trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). There are no findings and conclusions from the trial court resolving these issues. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The applications are remanded to the trial court to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law resolving the issues. The trial court shall order trial counsel to respond to Applicant's claims. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. Further, the trial court shall enter findings regarding laches. *Carrio v. State,* 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez,* 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the

disposition of Applicant's claims for habeas corpus relief.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: January 15, 2020
Do not publish