

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,852-01

### EX PARTE DONALD LYNN GAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1599008-A IN THE 232ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to failure to comply with sex offender registration requirements and was sentenced to fifteen years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel did not discover that Applicant had no duty to register at the time of the charges. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); TEX. CODE CRIM. PROC. art. 62.101(b). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court

shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make specific findings addressing whether Applicant was under a lifetime duty to register as a sex offender or whether his duty lasted for ten years from the date of his release. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 1, 2020
Do not publish