

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,033-01

### EX PARTE TYLER JOHNATHAN NANKERVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 16-0070X IN THE 71ST DISTRICT COURT FROM HARRISON COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to murder and was sentenced to fifty-one years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to investigate Applicant's history of mental illness, failed to have him evaluated for sanity at the time of the offense and competency to stand trial, and pressured him into pleading guilty. Applicant suggests that his statement to police was , that he did not intend to kill the victim, and that he lacked understanding of the nature of the charges and of what evidence would be required to prove the

offense of murder. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was knowingly and voluntarily entered. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 16, 2020
Do not publish