

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,433-01

**EX PARTE JOSHUA BEAVER-GAINES, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 21998-B IN THE 104TH DISTRICT COURT
## FROM TAYLOR COUNTY

*Per curiam*.

**O P I N I O N**

Applicant pleaded guilty to possession of marijuana in a drug free zone and was sentenced to five years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to advise him of the correct parole eligibility for a conviction with a drug free zone finding. Based on the record, the trial court has determined that trial counsel's performance was deficient and that Applicant would have insisted on a trial but for counsel's deficient performance.

Relief is granted. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781

(Tex. Crim. App. 2013). The judgment in cause number 21998 in the 104th District Court of Taylor County is set aside, and Applicant is remanded to the custody of the Sheriff of Taylor County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 13, 2021
Do not publish