

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-54,931-02 & WR-54,931-03

### EX PARTE RANDALL GUINN HASTY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 17-0042CR-A & 17-0043CR-A IN THE 87TH DISTRICT COURT FROM LEON COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault and unlawful possession of a firearm by a felon and was sentenced to imprisonment for thirteen and ten years, respectively. He did not appeal his convictions. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his pleas were involuntary because trial counsel told him he would be sentenced to a minimum of twenty-five to thirty years if he rejected the State's plea offer. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM.

PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant could have been sentenced to a minimum of twenty-five years as a habitual offender under Texas Penal Code § 12.42(d), trial counsel's conduct was deficient, and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:          February 10, 2021
Do not publish