

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,371-01

**EX PARTE JUAN ENRIQUE DE LA CRUZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2018-DCR-00183-B IN THE 138TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

## O R D E R

Applicant was originally charged in a three-count indictment with one count of continuous sexual abuse involving his daughter and two granddaughters, one count of indecency with a child involving a granddaughter, and one count of prohibited sexual conduct with an ancestor or descendant involving his daughter. Applicant pleaded guilty to the lesser included offense of aggravated sexual assault of a child in the continuous sexual abuse count in exchange for a twenty-five year sentence, and to the other two counts as charged in exchange for fifteen-year sentences, with all sentences to run concurrently. He did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is actually innocent and that he received ineffective assistance of trial counsel resulting in an involuntary plea because trial counsel pressured him into pleading guilty despite his desire to go to trial by telling him that he would go to prison for life if he did not accept the plea offer. Because Applicant was facing charges of continuous sexual abuse, he did face a punishment range that included the possibility of life without parole if he were to be convicted at trial. However, there is no response or affidavit from trial counsel stating what advice he provided to Applicant with regard to his options and his likelihood of success at trial.

Applicant's actual innocence claim is based on a recantation affidavit signed by his daughter, in which she alleges that she was pressured by her mother to make the accusations, and believes that the other two complainants were also pressured to make accusations that were not true. Applicant's daughter concedes that Applicant did commit the prohibited sexual conduct offense, but alleges that Applicant did not have sex with her until she was an adult. The prohibited sexual conduct charge was supported by D.N.A. evidence showing that Applicant had impregnated his daughter, but she was no longer a child at that time. There is no indication that the other two complainants have recanted their accusations of ongoing sexual abuse by Applicant when they were children. However, the State has not filed a response to Applicant's application, and the trial court has not entered findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall

state whether he advised Applicant of his options with regard to pleading guilty or having a trial before the court or a jury. Trial counsel shall state whether he pressured Applicant to plead guilty despite Applicant's alleged desire to trial on the charges.

The trial court shall also address Applicant's claim of actual innocence. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings of fact and conclusions of law as to whether the affidavit from Applicant's daughter recanting her accusations is credible, and if it is credible, whether it is sufficient to unquestionably establish Applicant's innocence. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 10, 2021
Do not publish