

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,597-01

### EX PARTE BECKY MICHELLE BRYANT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W 15-40216-M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to theft in exchange for deferred adjudication community supervision. She was later adjudicated guilty and sentenced to twenty months' state jail imprisonment. Applicant did not appeal her conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that her plea of "true" at adjudication was involuntary because adjudication counsel failed to consult with her about strategy, reached an

---

[1]This Court has reviewed Applicant's other claim and finds it to be without merit.

agreement with the State without consulting with Applicant, and when that agreement was rejected by the trial court, entered an open plea on Applicant's behalf without consulting her. The State in its response indicates that Applicant entered a plea of "true" in exchange for an agreed sentence. The record does contain a plea agreement signed by Applicant and approved by the trial court. However, the judgment adjudicating guilt reflects that Applicant entered an open plea, and Applicant's sentence after adjudication is not consistent with the sentence described on the plea agreement.

Applicant has alleged facts that, if true, might entitle to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication counsel to respond to Applicant's claims. Specifically, counsel shall state whether he consulted with Applicant prior to adjudication and advised her of her options for resolving the motion to adjudicate. Counsel shall state whether an agreement was negotiated with the State, and if so, whether that agreement was explained to Applicant, and whether the trial court approved that agreement. If the trial court rejected an agreement reached by the parties, trial counsel shall state whether Applicant was afforded the opportunity to withdraw her plea of "true." In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's

performance was deficient and Applicant would have insisted on a contested adjudication hearing but for counsel's alleged deficient performance. The trial court shall make findings of fact as to whether Applicant pleaded "true" pursuant to a plea agreement, or whether she entered an open plea as reflected on the judgment. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's allegations.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 17, 2021

Do not publish