

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,399-01 & WR-92,399-02

### EX PARTE POLYCARP ONCHOKE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. W19-00422-X(A) & W19-00423-X(A)
### IN THE CRIMINAL DISTRICT COURT NO. 6 FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to invasive visual recording and was sentenced to eighteen months state jail imprisonment. The Fifth Court of Appeals affirmed his convictions. *Onchoke v. State*, Nos. 05-19-01088-CR & 05-20-00031-CR (Tex. App.—Dallas Nov. 6, 2020). Applicant filed these applications for writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel was ineffective. He alleges, among other things, that counsel was ineffective for informing him that he would receive deferred adjudication and that his conviction would not affect his immigration status. He also alleges that counsel was ineffective for failing to investigate possible exculpatory evidence and

misrepresented the evidence against him. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 31, 2021
Do not publish