

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,387-01

### EX PARTE STANLEY ALLEN GRAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CM-15-00176 IN THE 87TH DISTRICT COURT FROM LEON COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault and, after a period of deferred adjudication, was sentenced to thirty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary and his counsel at both his initial plea and the motion to adjudicate hearing were ineffective for, among other things, failing to investigate, failing to examine the BB gun allegedly used in the offense, failing to speak to witnesses, failing to obtain records, and failing to investigate possible defenses. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781

(Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order counsel from both the initial plea hearing and the motion to adjudicate to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsels' performance were deficient and Applicant would have insisted on a trial but for counsels' alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 31, 2021
Do not publish