

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,525-01

### EX PARTE TAYLOR PAIGE COSTELLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1576335-A IN THE 337TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to intoxication manslaughter and was sentenced to twelve years' imprisonment. Applicant did not appeal her conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that her plea was involuntary because trial counsel disregarded her desire to proceed to trial, and convinced her to enter an open plea by telling her that she would receive probation when she was not actually eligible for probation. Applicant alleges that

---

[1] This Court has considered Applicant's other claims and finds them to be without merit.

trial counsel failed to pursue a defense based on the complainant's medical records and the alleged existence of a death certificate showing the cause of death as "natural," that it was not the wreck that caused the complainant's death, but rather her pre-existing medical issues. Applicant alleges that trial counsel should have subpoenaed the medical examiner to testify for the defense in support of this theory.

Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed:          April 21, 2021
Do not publish