

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,538-01

### EX PARTE DELVIN J. DILES, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS CAUSE NO. W99-00279-S(A) IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to the offense of aggravated robbery with a deadly weapon and was sentenced to a life sentence, to run consecutively with a life sentence in a different cause. Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary due to ineffective assistance of counsel. Specifically, Applicant asserts that defense counsel failed to inform him of the sentencing range for aggravated robbery and the illegality of "signing of plea bargain for a consecutive life sentence based on a preemptive avoidance of the death penalty." Applicant also complains that defense counsel did not attempt to obtain concurrent sentences. He claims that if it had not been for counsel's deficiency,

Applicant would not have signed the plea agreement for a consecutive life sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). There are no findings and conclusions from the trial court resolving these issues. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The application is remanded to the trial court to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law resolving the issues. The trial court shall order trial counsel to respond to Applicant's claims. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. Further, the trial court shall enter findings regarding laches. *Carrio v. State,* 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez,* 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 26, 2021
Do not publish