

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,551-01

**EX PARTE ANGEL MEDINA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1588954-A IN THE 184TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated sexual assault of a child and was sentenced to forty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel told him he would receive probation if he pleaded guilty. He also contends that counsel did not investigate or present punishment evidence. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). According to Applicant's motion to remand, trial

counsel is deceased. If a response from counsel is impossible, the trial court shall determine whether counsel's file from this case is available for inspection. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d), including the court's personal recollection. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings of fact and conclusions of law as to whether trial counsel was ineffective for not discovering and presenting mitigation evidence. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 23, 2021
Do not publish