

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,877-01 AND WR-92,877-02

### EX PARTE GABRIEL AARON ORONA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. D-17-1876–CR-W1 AND D-17-1877-CR-W1
### IN THE 358TH DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

## O R D E R

Applicant originally pleaded guilty to two charges of aggravated assault in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to twenty years' imprisonment in each case, to run concurrently. The Eleventh Court of Appeals affirmed his convictions. *Orona v. State*, Nos. 11-19-00261-CR and 11-19-00262-CR (Tex. App. — Eastland Jan. 16, 2020) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his adjudication counsel was ineffective for various reasons.

Although some of Applicant's allegations are clearly without merit, the record is insufficient to address several of his claims. Applicant alleges that adjudication counsel failed to investigate or formulate any defense to the allegations in the State's motion to adjudicate. Applicant alleges that adjudication counsel should have interviewed Angelica Dominguez, should have investigated and presented evidence of Applicant's mental health issues, should have obtained and presented records from the Reeves County community supervision office, should have presented evidence regarding the date and time of his arrest, and should have investigated and presented evidence of the reasons Applicant made admissions to Deputy Alex Luna.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel's performance was deficient and whether the result of the adjudication and sentencing would likely have been different but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 28, 2021
Do not publish