

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,082-01

### EX PARTE JASMINE DANIELLE BLACKFEET, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR19-0141-173-A IN THE 173RD DISTRICT COURT
## FROM HENDERSON COUNTY

*Per curiam*.

### O R D E R

Applicant entered an open plea of guilty to aggravated robbery and was sentenced to fifteen years' imprisonment. She did not appeal her conviction.[1] Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends that her plea was involuntary because trial counsel promised her that she would receive probation if she entered an open plea to the trial court. Applicant alleges that she was

---

[1]There is nothing in the record to show whether Applicant was advised of her right to appeal, or whether the trial court certified her right to appeal.

asked at arraignment if she wanted to be tried by her tribe[2], and that she stated that she did, but that she did not pursue this issue after trial counsel promised her that she would receive probation if she entered an open plea to the trial court. Applicant did not receive probation, but was sentenced by the trial court to fifteen years' imprisonment.

Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

---

[2]Applicant alleges that she is Native American.

hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 28, 2022
Do not publish