

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,374-01

### EX PARTE FREDDY VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 3431-A IN THE 121ST DISTRICT COURT FROM YOAKUM COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to engaging in organized criminal activity and was sentenced to twelve years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel gave him inaccurate advice with regard to whether the offense to which he was pleading guilty was "aggravated" for purposes of parole and mandatory supervision eligibility. Based on the record, the trial court has determined that trial counsel's performance was deficient and that Applicant would have insisted on a trial but for counsel's deficient performance.

Relief is granted. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). The judgment in cause number 3431 in the 121st District Court of Yoakum County is set aside, and Applicant is remanded to the custody of the Sheriff of Yoakum County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     March 17, 2021
Do not publish