

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,475-01

**EX PARTE MATHEW DAVID LOZOYA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F46837-A IN THE 18TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*.

### O R D E R

Applicant was charged with four counts of obtaining a controlled substance by fraud. He pleaded guilty to two counts of obtaining a controlled substance by fraud in exchange for four years' imprisonment for Count 1 and ten years, probated for Count 2. The State waived the remaining counts. After Applicant discharged the sentence for Count 1, the State moved to revoke his community supervision in Count 2. Applicant eventually pleaded true to violating the terms of his community supervision in Count 2 in exchange for a sentence of five years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the trial court lacked jurisdiction to revoke his community

supervision in Count 2, rendering his sentence for that count void. He also alleges that his attorney at revocation was ineffective for advising him to plead to true to violating the terms of his community supervision.

Both of Applicant's claims are based on the fact that the maximum period of probation authorized for a third degree felony offense under Chapter 481 of the Texas Health and Safety Code was five years, under former Article 42.12, Section 3(b)(2)(B) of the Texas Code of Criminal Procedure, the statute in effect on the date of Applicant's offenses. Because Applicant's community supervision was revoked more than five years after he was placed on community supervision, Applicant argues that the trial court lacked jurisdiction to revoke his community supervision. For reasons that are not clear, Applicant does not allege that his original trial counsel was ineffective for allowing him to plead guilty in exchange for ten years' community supervision, but does allege that his revocation counsel was ineffective for advising him to plead true to violating the terms of that community supervision in exchange for a prison sentence after more than five years had passed since Applicant was placed on community supervision.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial counsel and revocation counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If

counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel or revocation counsel's performance was deficient and whether Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make findings of fact and conclusions of law as to whether the trial court lacked jurisdiction to revoke Applicant's community supervision during the period of that community supervision, but after the expiration of what would have been the maximum period of community supervision authorized by statute. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's original probated sentence or his sentence after revocation is void. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish