

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-72,915-06, 72,915-07 & 72,915-08

**EX PARTE KENNETH TERELL WATKINS, Applicant**

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 007-0006-20-A, 007-1196-19-A, & 007-1774-19-A
IN THE 7TH DISTRICT COURT
FROM SMITH COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of evading arrest with a vehicle, unlawful possession of a firearm by a felon, and bail jumping/failure to appear, and sentenced to imprisonment for thirty, twelve, and five years, respectively. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel threatened Applicant with consecutive sentences if he did not accept the plea offers. Applicant also contends that he was denied his right to an appeal because counsel failed to timely file a notice of

appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Garza v. Idaho*, 139 S. Ct. 738 (2019); *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988).

We remanded these issues to the trial court to obtain a response from trial counsel in response to these allegations. The trial court made findings of fact and conclusions of law that were not based on a response from counsel or otherwise supported by the record.

Accordingly, the record should be further developed with a supplemental affidavit from trial counsel and new findings of fact and conclusions of law. The trial court shall order trial counsel[1] to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make specific findings addressing whether Applicant timely instructed counsel to perfect appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

---

[1] If a defendant decides to appeal his conviction, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.

The trial court shall make findings of fact and conclusions of law within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 26, 2021
Do not publish