

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-92,640-01

### EX PARTE EDUARDO MARGARITO SOTO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-297-W11884-1439642-A IN THE 297TH DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated sexual assault of a child under fourteen years of age and was originally placed on ten years' deferred adjudication. He was subsequently convicted on his open plea of "true" to the allegations in the State's Petition to Proceed to Adjudication and was sentenced to thirty years' imprisonment. Applicant appealed his conviction, but the Second Court of Appeals dismissed it for want of jurisdiction. *Soto v. State*, No. 02-19-00171-CR (Tex. App.—Fort Worth, Aug. 22, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel John Stickels was ineffective for

failing to adequately investigate the case. He alleges that Stickels did not interview witnesses, such as the victim and the outcry witness; prepare a defense; or request discovery. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order John Stickels to submit a supplemental response to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make specific findings as to what investigation counsel personally conducted, including whether he investigated the possibility that Applicant was in prison on the offense date alleged by the outcry witness. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: August 25, 2021
Do not publish