

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-92,923-01

### EX PARTE GARY GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR09001875-G(1) IN THE 319TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to nine counts of aggravated sexual assault of a child and sixteen counts

of indecency with a child and was sentenced to twenty-five years' imprisonment for the aggravated sexual

assaults and twenty years' imprisonment for the indecency counts. He did not appeal his convictions.

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk

forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that plea was involuntary because trial counsel informed him that he was

pleading guilty for a twenty year sentence, had a conflict of interest, and failed to investigate and inform him

of possible discrepancies in the complainant's outcry and other statements. Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings regarding Applicant's delay in presenting these claims to the Court and the possibility of prejudice to the State by that delay. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 25, 2021
Do not publish