

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-46,468-04

**EX PARTE SCOTT RALPH WHEELOCK, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. B18291 IN THE 198TH DISTRICT COURT
FROM KERR COUNTY**

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to driving while intoxicated and was sentenced to sixty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Wheelock v. State*, 04-19-00466-CR (Tex. App.—San Antonio Sept. 23, 2020)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel was deficient. He alleges that trial counsel was ineffective for failing to secure a twenty-five year plea deal that his first attorney negotiated and he accepted, failing to challenge a warrantless blood draw, failing to file a motion to suppress, and failing to challenge the enhancements. Applicant has

alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 20, 2021
Do not publish