

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-93,465-01 AND WR-93,465-02

### EX PARTE STEVEN MARLIN SCHADE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CF-14-01377A AND CF-14-01378A IN THE 76TH DISTRICT COURT
### FROM CAMP COUNTY

*Per curiam*.  YEARY, J., filed a concurring opinion.

### O R D E R

Applicant pleaded guilty to two charges of aggravated robbery and was sentenced to twenty years' imprisonment for each charge, to run concurrently. The Sixth Court of Appeals dismissed his appeal for want of jurisdiction. *Schade v. State*, Nos. 06-15-00097-CR and 06-15-00098-CR (Tex. App. — Texarkana August 25, 2015) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his trial counsel was ineffective for failing to request discovery of exculpatory evidence, failing to object to language in the indictments alleging a deadly weapon, to-wit: a firearm when Applicant alleges that the police recovered only an air gun

which is not a firearm, failing to point out that the air gun used by Applicant was broken and was therefore not a deadly weapon, and allowing Applicant to plead guilty to the offenses as alleged in the indictments

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether he filed a motion for discovery of exculpatory evidence, whether he saw or received a copy of the arrest report, whether he was aware that the police had recovered an air gun, and whether Applicant advised him that he had used an air gun that was broken during the offenses. If trial counsel was aware that it was an air gun that was used during the offenses, trial counsel shall state why he did not object to the language in the indictment alleging a firearm. If trial counsel was advised that the air gun in question was broken, trial counsel shall state why he did not object to the deadly weapon element of the offenses but allowed Applicant to plead guilty to both charges as alleged in the indictments. Trial counsel shall also state what advice, if any, he gave to Applicant with regard to his options of pleading guilty or disputing the charges at trial.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's

performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 9, 2022

Do not publish