

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-93,468-01 AND WR-93,468-02**

**EX PARTE EDUARDO GUADALUPE GONZALEZ, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 2-19-0187-A AND 2-19-0188-A IN THE 382ND DISTRICT COURT
FROM ROCKWALL COUNTY**

*Per curiam*.

## O R D E R

Applicant was convicted of two charges of aggravated sexual assault and sentenced to thirty years' imprisonment for each charge, to run concurrently. The Fifth Court of Appeals affirmed his convictions. *Gonzalez v. State*, Nos. 05-19-01085-CR and 05-19-01086-CR (Tex. App. — Dallas January 21, 2021) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because counsel advised Applicant to decline a plea offer and proceed to a jury trial without advising Applicant of the potential punishment he could receive if found guilty at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. Specifically, trial counsel shall state whether the State made any plea offers in this case. If the State did make any plea offers, trial counsel shall state whether he conveyed those offers to Applicant, and shall state whether he advised Applicant of his likelihood of success at trial, and of the potential punishment he could receive if found guilty at trial. Trial counsel shall state whether he advised Applicant to decline any such plea offer. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed: February 9, 2022
Do not publish