

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,566-01 AND WR-93,566-02

### EX PARTE ARMANI GARRISON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1506403-A AND 1579359-A IN THE 185TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty in the -01 case to aggravated robbery and was originally placed on deferred adjudication community supervision. He was later adjudicated guilty and sentenced to thirteen years' imprisonment. Among the allegations in the State's motion to proceed to adjudication in the -01 case was the allegation that Applicant had committed a new offense of possession of a controlled substance, with which he was charged separately in the -02 case. Applicant pleaded true to the allegations in the motion to adjudicate in the -01 case and guilty to the charge in the -02 case on the same date. The trial court deferred findings of guilt in both cases, and reset the matters for sentencing. After granting a one-week continuance, the trial court sentenced Applicant to thirteen years' imprisonment in the -01 case after adjudication, and ten years' imprisonment in the -02 case

to run concurrently. Applicant did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas of true and guilty were involuntary because the attorney who represented him in both the adjudication in the -01 and the plea in the -02 failed to investigate or obtain discovery, and erroneously advised Applicant that he should plead true and guilty, that this would allow counsel to obtain discovery, and that Applicant would be able to withdraw his pleas after discovery had been obtained. Applicant alleges that counsel failed to appear in court on the sentencing date, but that the trial court nevertheless proceeded with the sentencing and did not allow Applicant to withdraw his pleas.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication/ trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether adjudication/ trial counsel's performance was deficient and Applicant would have insisted on a contested adjudication hearing and trial but for counsel's alleged deficient performance. The trial court may

make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 16, 2022
Do not publish