

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,622-01 & WR-93,622-02

### EX PARTE SHEADRICK LEE JACKSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR03127 -HC-1 & CR03046 - HC 1
### IN THE 6ᵀᴴ DISTRICT COURT FROM RED RIVER COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to unlawful possession of a weapon and assault, family violence impeding breath. He was sentenced to twenty-five years' imprisonment for the weapons charge and ten years for the family violence charge. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to challenge the enhancements, failed to file motions, failed to interview witnesses, and failed to investigate. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should

be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims. The trial court shall also supplement the record with the document that gave Applicant notice of the enhancement allegations on the weapons charge.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 6, 2022
Do not publish