

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-81,078-05

---

### EX PARTE MIGUEL MARTINEZ, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1374263-C IN THE 184TH DISTRICT COURT
### FROM HARRIS COUNTY

---

*Per curiam*. YEARY, J., filed a concurring opinion. HERVEY, J., not participating.

### O R D E R

Applicant was convicted of murder and sentenced to twenty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Martinez v. State*, No. 14-15-00731-CR (Tex. App.—Houston [14th Dist] Nov. 17,2016) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel incorrectly advised him to reject a 10-year plea offer, pressured him into taking a 20-year plea offer, and failed to explain how the law applied to his case. Because the application was forwarded to this Court after the trial court had issued a timely order designating issues but before it had made findings

of fact and conclusions of law, we remanded the application to the trial court to complete its evidentiary investigation and to make findings and conclusions. The trial court has done so and recommends that the Court deny relief. However, the trial court's findings do not address all of Applicant's ineffective assistance of counsel allegations and were made without the benefit of an affidavit from counsel. Additionally, the trial court relies on the reporter's and clerk's records in its findings, therefore they must be forwarded to this Court.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's ineffective assistance of counsel claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions; copies of the reporter's and clerk's records; and the record

developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tᴇx. R. Aᴘᴘ. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 8, 2022
Do not publish