

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,207-06

## EX PARTE JASON MICHAEL BADYRKA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1129647-B IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.  YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

## O R D E R

Applicant pleaded guilty to robbery and two other charges, in exchange for three concurrent eight-year sentenes.  The First Court of Appeals dismissed his appeal for want of jurisdiction. *Badyrka v. State*, No. 01-21-00339-CR (Tex. App. — Houston [1st Dist.] November 16, 2021) (not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to investigate, failed to obtain discovery that would have disproved an element of the offense, and erroneously advised Applicant regarding the nature of the charges and the consequences of his plea.  Specifically,

Applicant alleges that trial counsel advised him that he would finish his obligations in 2015, and did not advise him that the collateral effect of his guilty plea to robbery would be the loss of more than eight years of street time credit on his prior 20-year sentences. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 15, 2022
Do not publish