

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,907-01

### EX PARTE CHRISTOPHER BRIAN COLBERT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W16-75411-W(A) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to murder and was sentenced to twenty five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that plea was involuntary because trial counsel, among other things, failed to adequately investigate the facts of the case, did not give him information about the case or show him discovery, and refused to give him advice. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate

forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). According to the State Bar, trial counsel is deceased. If a response from counsel is impossible, the trial court shall determine whether counsel's file from this case is available for inspection. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d), including the court's personal recollection. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 27, 2022
Do not publish