

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,889-01 & -02

### EX PARTE WESLEY NATHANIAL HOLT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 24110A AND 24464A IN THE 91ST DISTRICT COURT
### FROM EASTLAND COUNTY

*Per curiam. Yeary, J., filed a concurring opinion joined by Keller, P.J. and Slaughter, J.*

## O R D E R

Applicant pleaded guilty to possession with intent to deliver methamphetamine and aggravated sexual assault of a child and was sentenced to imprisonment. Applicant, through habeas counsel, filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his guilty plea in each case was involuntary because trial counsel, who was a different lawyer in each case, provided ineffective assistance. Applicant has alleged supporting facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be

developed.

The trial court is the appropriate forum for findings of fact.  TEX. CODE CRIM. PROC. art. 11.07, § 3(d).  The trial court shall order both trial counsel to respond to Applicant's allegations against them.  In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).  The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues and resolving whether Applicant's guilty pleas were involuntary.  The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order.  The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:
Do not publish                              August 24th, 2022