

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,074-01

### EX PARTE DAMON SIMMONS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 814816-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined. NEWELL, J., concurred.

### **O R D E R**

Applicant was convicted of aggravated robbery and sentenced to 30 years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Simmons v. State,* No. 14-99-00890-CR (Tex. App.—Houston[14th], June 1, 2000). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on July 11, 2011. An order designating issues was signed by the trial judge on July 25, 2011. This application was not received by this Court until August 23, 2022. There is no indication in the record of any action by the trial court after

the order designating issues was signed. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

This application was forwarded before the trial court made findings of fact and conclusions of law. We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall complete its evidentiary investigation and make findings of fact and conclusions of law concerning the merits of the application.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The trial court shall ensure that the habeas record is supplemented with all relevant documents. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   December 07, 2022
Do not publish