

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,077-01

### EX PARTE MARIO ALBERTO SALGADO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1306437-A IN THE 230TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.  NEWELL, J., concurred.

### O R D E R

Applicant pleaded guilty to aggravated kidnapping and was sentenced to twenty years' imprisonment.  He did not appeal his conviction.  Applicant filed this application for a writ of habeas corpus in the county of conviction , and the district clerk forwarded it to this Court .  *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on October 4, 2012.  An order designating issues was signed by the trial judge on March 22, 2013.  This application was not received by this Court until August 24, 2022.  There is no indication in the record of any action by the trial court after the order designating issues was signed.  Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial

court.

Applicant contends, among other things, that his plea was involuntary because trial counsel coerced him into accepting the twenty-year plea offer. Applicant alleges that trial counsel initially promised Applicant a probated sentence, then advised Applicant of a five-year plea offer, which Applicant alleges he accepted. Applicant alleges that trial counsel promised to return the following day with plea documents for Applicant to sign, but failed to do so. Applicant alleges that he did not hear from counsel until a court setting, when counsel intimidated Applicant by telling him that he would receive a life sentence if he did not sign for the twenty years on that day. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the

trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with all relevant documents, including copies of any written plea offers made by the State in this case, and any acknowledgment, acceptance or rejection of any such offers by Applicant, as well as a transcript of the plea proceedings if one exists, and any evidence that was introduced in support of Applicant's plea. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings of fact and conclusions of law as to whether the State made a five-year plea offer, and if so, whether trial counsel communicated the offer to Applicant and whether Applicant told trial counsel that he would accept the offer. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish